**UNITED STATES DISTRICT COURT**                        O
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **GREG ANTHONY MARTINEZ** | § | |
| | § | |
| **Petitioner** | § | **CIVIL ACTION NO. L-08-145** |
| **VS.** | § | **CRIMINAL CASE NO. L-07-498-1** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Greg Anthony Martinez's ("Petitioner") Motion to Vacate, Set Aside, and to Correct, Modify, Resentence or Set for New Trial Pursuant to 28 U.S.C. § 2255. [Dkt. No. 1].[1] The Court has carefully reviewed all pertinent matters in this case. For the reasons stated below, all of Petitioner's claims are **DISMISSED with prejudice**.

## I.    JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255 because the petition was filed within one year of the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1).

## II.    PROCEDURAL HISTORY AND RELEVANT FACTS

On April 10, 2007, a federal grand jury in Laredo, Texas indicted Petitioner in criminal case number 5:07-498-1 of: (1) conspiracy with intent to distribute in excess of 500 grams of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B); and (2) possession with intent to distribute in excess of 500 grams of cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2. [Cr. Dkt. No. 6]. On June 14, 2007,

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in civil case number 5:08-cv-145. "Cr. Dkt. No." will be used to refer to the docket number entries in criminal case number 5:07-cr-498.

pursuant to a plea agreement, Petitioner entered a plea of guilty to Count Two for possession

with intent to distribute.  [Cr. Dkt. No. 22].  Petitioner's plea agreement included the following

language:

> 10.  In exchange for the concessions made by the Government in this agreement, the Defendant expressly waives the right to contest and/or appeal, **either directly or collaterally**, his guilty plea, conviction, sentence, and/or detention by means of **ANY** post-conviction proceeding whatsoever.  **Such waiver expressly includes, and Defendant expressly agrees not to file, ANY DIRECT and/or COLLATERAL attacks on Defendant's guilty plea, conviction, sentence, and/or detention pursuant to _any_ statute, law, procedure, or Constitutional provision whatsoever, including, without limitation, Title 18, U.S.C., § 3742 and Title 28, U.S.C. § 2255**.
>
> In waiver those rights, Defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  Understanding this, Defendant agrees to waive the right to "collaterally attack" his conviction and/or sentence in any manner whatsoever, including Title 28, U.S.C. § 2255.  Defendant is also aware that Title 18, U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed and/or the manner in which such sentence was determined.  Understanding this, Defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds whatsoever, including, without limitation, those set forth in Title 18 U.S.C. § 3742.**

[Dkt. No. 24 ¶ 10].  Petitioner and his defense counsel signed the plea agreement.  [Dkt. No. 24].

At a re-arraignment hearing before Magistrate Judge Diana Saldana on June 14, 2007, Petitioner

represented that he reviewed the plea agreement with his attorney.  [Digital Recording of June

14, 2007 Re-arraignment ("R.Rec.") at 11:02 a.m.].  He confirmed that he signed the plea

agreement.  [*Id*.].  Petitioner also represented that he understood that, under the terms of his plea

agreement, he was waiving his right to appeal his sentence and his right to "come back later on

and complain about [his] plea, [his] conviction, [his] sentence, and [his] detention."  [*Id*. at 11:08

a.m.].  Petitioner then confirmed that no promises were made to him outside of the plea

agreement.  [*Id*. at 11:12 a.m.].  Thereafter, the Magistrate Judge explained Petitioner's rights

pursuant to Federal Rule of Criminal Procedure 11.  [R. Rec. at 11:12 a.m.-11:14 a.m.].

Petitioner subsequently confirmed his intention to plead guilty.  [R. Rec. at 11:14 a.m.].  The Magistrate Judge then accepted the plea.  [R. Rec. at 11:17 a.m.].

To determine Petitioner's sentence, the Court directed the Probation Office to prepare a Pre-sentence Investigation Report ("PSR") under the United States Sentencing Guidelines. According to the PSR, Petitioner's initial base offense level was 26 under the pertinent guideline provision for possession with intent to distribute in excess of 500 grams of cocaine.  [PSR ¶ 20]. As additionally noted by the PSR, Petitioner was previously convicted in September of 1997 for committing a crime of violence (felony injury to a child) ("1997 conviction").  [Id. ¶ 27]. Petitioner was also previously convicted in September of 1999 of delivery of cocaine ("1999 conviction").  [Id.].  Consequently, Petitioner's criminal history yielded a score of nine.  [PSR ¶ 37].  Because Petitioner was a Career Offender, based upon his 1997 and 1999 convictions, he was placed in Criminal History Category VI.  [Id].

On November 7, 2007, Petitioner appeared before this Court for sentencing.  [Digital Recording of November 7, 2007 Sentencing ("S.Rec.") at 9:24 a.m.].  During the sentencing proceeding, the government withdrew the enhancement related to Petitioner's 1997 conviction and his 1999 conviction.  [S. Rec. at 9:27 a.m.].  Consequently, Petitioner was sentenced with a base offense level of 30.[2]  As a result, Petitioner faced a sentence of 168 to 210 months under the Sentencing Guidelines.  [Id.].  The Court sentenced Petitioner to a term of 168 months, four years supervised release, a $100 special assessment fee, and a fine of $3,500.  [Id.].  Judgment was entered on November 20, 2007.  [Cr. Dkt. No. 48].  Petitioner did not pursue a direct appeal.

On October 30, 2008, Petitioner filed the Motion to Vacate under 28 U.S.C. § 2255 now before the Court and an accompanying memorandum of law.  [Dkt. No. 1].  In his memorandum

---

[2] After the Government withdrew the enhancement, Petitioner's base offense level fell from 37 to 34.  [S.Rec. at 9:31 a.m.].  Petitioner also had three levels reduced for acceptance of responsibility and an additional level reduced for waiver of appeal and collateral attack, thus placing him at a base offense level of 30.  [S.Rec. at 9:28 a.m.].

of law, Petitioner states that "the underlying basis for the grounds claimed by [Petitioner] in [his] Section 2255 [motion] is the allegation that he was deprived of his Sixth Amendment Right to effective assistance of counsel." [*Id*. at 4-5].  In support of his contention, Petitioner first alleges that he did not receive reductions to his offense level pursuant to his plea agreement.  [*Id*. at 5]. Second, Petitioner contends that his defense counsel failed to object to the Court's consideration of his 1997 conviction for felony injury to a child.  [*Id*. at p. 7; *see also* Presentence Investigation Report ("PSR") ¶ 33].   Third, Petitioner asserts that counsel and the Court did not know the "sentencing parameters" of his case.  [*Id*. at 10].   Fourth, Petitioner contends that counsel failed to file an appeal.[3]  [Dkt. No. 1, Form at 10].  Finally, Petitioner requests that the Court grant him transcripts and documents pursuant to 28 U.S.C. § 2250.  [Dkt. No. 1 at 15].

## III.   DISCUSSION

### A.      Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).   Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir.1995) (citations omitted).  After conducting an initial examination of the petition, the Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  28 U.S.C. § 2255, PROC. R. 4.

---

[3] In pertinent part, Petitioner contends as follows:  "Counsel was absolutely ineffective and failed to review the PSR for errors (sic) misadvised the Court and the [Petitioner] and failed to file an appeal or notice to the Court as to his omissions and errors.  [Dkt. No. 1, Form at 10].

**B.       Waiver of Right to Appeal and Collateral Attack**

Petitioner has alleged ineffective assistance of counsel, a wrong of constitutional proportion, which is proper in a motion under 28 U.S.C. § 2255.  The Court must first determine, however, whether Petitioner's claim is foreclosed by the waiver of his right to collaterally attack his conviction and sentence.   A defendant may waive the right to appeal and collaterally attack a conviction and sentence, so long as his waiver is both knowing and voluntary.  *See, e.g.*, *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing plea agreements."); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Robinson*, 187 F.3d 516, 517-18 (5th Cir. 1999); *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997).  A district court must determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at 544.  A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence.  *See United States v. Boyd*, No. 3:06-cv-1365-H, 2007 WL 900949, at *3 (N.D. Tex. Mar. 23, 2007); *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("We think that a defendant's waiver of her right to appeal deserves and, indeed, requires that special attention of the district court.").   In limited circumstances, a defendant may plea around a waiver and claim ineffective assistance of counsel if he alleges that the waiver itself was tainted by counsel's ineffective assistance. *White*, 307 F.3d at 339-43.

A careful review of the record shows no evidence that Petitioner's waiver of his right to collaterally attack his sentence under § 2255 was unknowing or involuntary.  First, by signing the plea agreement, Petitioner acknowledged that he had reviewed it with counsel and

understood its terms, including the provisions in paragraph ten that he would not file any collateral attacks on his sentence, that he was aware that his waiver of rights including the right to collaterally attack a sentence after it became final, and that he agreed to waive his right to collaterally attack his sentence.  [Cr. Dkt. No. 24].  Moreover, during his re-arraignment hearing, Petitioner represented that he read and signed the plea agreement.  [R. Rec. at 11:02 a.m.].  After the Magistrate reviewed the terms of the plea agreement pursuant to Rule 11(b)(1)(N) with him, Petitioner represented that he understood he was waiving his right to appeal and to collaterally attack his plea, conviction, sentence, and detention.  [R. Rec. at 11:08 a.m.].  Furthermore, it is clear from the face of the pending motion that Petitioner's waiver was both knowing and voluntary.  In the pending motion, Petitioner concedes that "[t]he [Petitioner], within his plea agreement conditions, agreed to waive his appellate rights as well as those entitlements under collateral pleadings."  [Dkt. No. 1 at 5].  Also, during the Rule 11 plea colloquy, Petitioner confirmed that no promises were made to him outside of the plea agreement.  [R. Rec. at 11:12 a.m.].

Importantly, Petitioner has made no allegation in his motion that his waiver was unknowing or involuntary, nor does the record establish as much.  When a petitioner does not allege, and the record contains no indication that ratification of the plea agreement was involuntary or unknowing, the Court will hold the defendant to the bargain that he made—the Court need not presume that the waiver was ineffective.  *See White*, 307 F.3d at 343; *Bond*, 414 F.3d at 544 (citing *McKinney*, 406 F.3d at 746); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir.1994) (stating that a plea agreement will be upheld where the record clearly demonstrates defendant read and understood agreement and he raised no questions regarding any waiver-of-appeal issue).  Therefore, based upon the plain waiver language of Petitioner's plea

agreement, the Court concludes that Petitioner knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence and conviction. *See Bond*, 414 F.3d at 544; *see also United States v. Wilkes*, 20 F.3d 651, 653-54 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). Accordingly, the Court must also consider whether, and to what extent, Petitioner's waiver of his right to collaterally attack his sentence applies to his claim of ineffective assistance of counsel.

### C.     Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, "the right to counsel is the right to the effective assistance of counsel." *Id*. at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). In order to merit post-conviction relief due to ineffective assistance of counsel, Petitioner must demonstrate that (1) counsel's performance was deficient and (2) that the petitioner suffered prejudice as a result. *Id*. at 687; *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960 (1994) (summarizing the *Strickland* standard of review). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See id*.; *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir.1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). Thus, the Court does not have to analyze both components of a claim of ineffective assistance of counsel if the movant has made an insufficient showing as to one prong. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

In the Fifth Circuit, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea

itself." *White*, 307 F.3d at 343.   Indeed, as noted by the Fifth Circuit in *White*, "[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result." *Id.* at 344.

### 1.      Calculation of petitioner's offense level and criminal history

With one exception, each of Petitioner's claims are premised on his attack of the Court's application of the Sentencing Guidelines.   First, Petitioner contends that he did not receive appropriate reductions to his offense level—specifically for his acceptance of responsibility and the waiver of his right to appeal—pursuant to his plea agreement.   Second, Petitioner contends that his 1997 conviction for committing felony injury to a child should not have been counted towards his criminal history.  [Dkt. No. 1 at 7; *see also* PSR ¶ 33].   Third, Petitioner argues that his defense counsel did not present Petitioner or the Court with an accurate assessment of the sentencing parameters.  [*Id.* at 10].  Since Petitioner does not claim that counsel's performance affected the validity of his waiver or the plea itself, the Court finds that Petitioner's waiver of his right to collateral attack extends to these claims.

Furthermore, a claim based on the misapplication of the Sentencing Guidelines is not a constitutional claim under § 2255.  *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citations omitted) (explaining that misapplication of the Sentencing Guidelines are not cognizable in § 2255 motions); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (holding that "a district court's technical application of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under section 2255").   Accordingly, the Court summarily rejects Petitioner's arguments of ineffective assistance of counsel related to the Court's application of the sentencing guidelines.

### 2.      Failure to file appeal

The one exception referenced above is Petitioner's claim that his counsel "failed to file an appeal[.]"  [Dkt. No. 1 at 10].[4]  To prevail on a claim of ineffective assistance of counsel for failure to file a notice of appeal, Petitioner must demonstrate that counsel's failure to file a notice fell below an objective standard of reasonableness and that it prejudiced him.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).  In *Flores-Ortega*, the Supreme Court held that an attorney's failure to file a notice of appeal requested by a defendant is *per se* ineffective assistance of counsel, even without a showing that the appeal would have had merit.  *Id.* at 477.  For the same reason, a defendant who explicitly tells his attorney not to file an appeal cannot later complain that his counsel performed deficiently in failing to file a notice of appeal.  *Id.* (citing *Jones v. Barnes* 463 U.S. 745, 751 (1983)).

Where defense counsel has failed to consult with the defendant about an appeal, courts must inquire whether counsel was required to consult with his client.  *See Flores-Ortega* 528 U.S. at 479-80 (rejecting the bright-line rule that counsel must always file a notice of appeal or consult with the defendant regarding an appeal).  This inquiry goes to whether an attorney acted reasonably.  An attorney has "consulted" with his client when he has advised him "about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover defendant's wishes."  *Id*. at 477.  If counsel "consulted" with his client, then the attorney has acted unreasonably only by "failing to follow the defendant's express instructions with respect to an appeal."  *Id.*  But if the attorney did not consult with the defendant, then the Court has to

---

[4] Petitioner's supporting memorandum does not address his claim that his counsel failed to file an appeal.  As previously noted, Petitioner contends as follows:  "Counsel was absolutely ineffective and failed to review the PSR for errors (sic) misadvised the Court and the [Petitioner] and failed to file an appeal or notice to the Court as to his omissions and errors."  [Dkt. No. 1 at 9].

determine whether the attorney's failure to consult itself constitutes deficient performance. *Id.* at 480.

Counsel deficiently performs when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for an appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* In determining whether counsel has a duty to consult with a defendant about an appeal, a court must consider "whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* But "[i]n cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.* Finally—in accordance with *Strickland*—even if a defendant is able to show that his counsel was deficient in his failure to consult with him about an appeal, he must nonetheless show prejudice by "[demonstrating] that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Here, Petitioner contends that his counsel was deficient, in part, because he "failed to file an appeal[.]" [Dkt. No. 1, Form at 10]. As an initial matter, the Court notes that Petitioner does not allege that he requested an appeal; indeed, Petitioner has failed to allege any facts showing that he requested an appeal or that his counsel failed to consult with him about an appeal. But even assuming that counsel failed to consult with Petitioner about an appeal, the record is sufficient to reflect that, under the circumstances of this case, a rational defendant would not want to appeal. Importantly, because Petitioner's conviction followed a plea bargain and waiver

of appeal, the scope of appealable issues available to Petitioner was limited.  It is also clear that Petitioner received the benefit for which he bargained.  As noted, Petitioner's base offense level was lowered from 37 to 34 after the government moved to withdraw the enhancement stemming from his 1997 and 1999 convictions.  And based on his acceptance of responsibility and waiver of his right to appeal and collateral attack, his base offense level was lowered to 30.

Moreover, the record reflects that there are no nonfrivolous grounds for appeal.  As previously stated, Petitioner received reductions to his offense level pursuant to his plea agreement; thus, his contention as to this issue is without merit.  Further, contrary to Petitioner's assertion, the record reflects that his 1997 conviction was properly counted towards his criminal history under the Sentencing Guidelines.  As noted, Petitioner was sentenced on November 7, 2007.  The 2006 edition of the U.S. Sentencing Guidelines was used to determine Petitioner's guidelines range.  Under section 4A1.2(e)(1), "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted.  U.S. SENTENCING GUIDELINES MANUAL (2006 ed.) § 4A1.2(e)(1).  Section 4A1.2(d)(1) provides that "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence."  *Id*. § 4A1.2(d)(1).  Here, as noted by the Presentence Report, Petitioner was convicted in September, 1997 for committing a felony-injury to a child.  [PSR ¶ 33].  The offense occurred on December 11, 1996 and thus less than fifteen years prior to the instant offense.  Further, Petitioner was convicted as an adult and not as a juvenile.  [*Id*.].  Moreover, Petitioner's conviction resulted in a sentence of three years.  [*Id*.].  Accordingly, three points were properly counted towards Petitioner's criminal history for his 1997 conviction for committing felony injury to a child.  In sum, the record reflects that Petitioner received the

benefit for which he bargained and that there were no nonfrivolous grounds to raise an appeal. Accordingly, the Court finds that a rational defendant would not seek appeal.

Additionally, the record does not reflect that Petitioner reasonably demonstrated to his counsel that he was interested in appealing his sentence. Indeed, Petitioner explicitly waived his right to appeal in his plea agreement. [Dkt. No. 24]. During his re-arraignment hearing, Petitioner represented that he read and signed his plea agreement, [R. Rec. at 11:02 a.m.], and also that he understood that he was waiving his right to appeal. [R. Rec. at 11:08 a.m.]. Thereafter, during his sentencing hearing, this Court admonished Petitioner that he waived his right to appeal. [S. Rec. at 9:58 a.m.]. Petitioner did not indicate that he now sought to appeal. Further, as noted above, Petitioner has set forth no facts to indicate that he asked to appeal.

Under these circumstances, the Court finds that Petitioner's counsel was not deficient in his performance even if he failed to consult with Petitioner. *See Roe*, 528 U.S. at 480 (noting that counsel may reasonably decide that he need not repeat a defendant's appeal rights where "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult"). For these reasons, the Court finds that Petitioner's bare assertion that his counsel "failed to file an appeal" is insufficient to show that he received ineffective assistance of counsel.

### 3.    Request for Transcripts

Finally, the Court turns to address Petitioner's request for transcripts and documents under 28 U.S.C. § 2250. A federal prisoner may request transcripts where he has been granted leave to proceed *in forma pauperis* and has filed an appeal or motion to vacate his sentence. *See Walker v. United States*, 424 F.2d 278-79 (5th Cir. 1970) (per curiam) (citing *Harless v. United States*, 329 F.2d 397 (5th Cir. 1964)). But "[a]n indigent defendant has no constitutional right to

acquire a free copy of his transcript or other court records for use in a collateral proceeding." *United States v. Peralta-Ramirez*, 266 Fed.Appx. 360, 361 (5th Cir. 2008) (unpublished) (citing *United States v. MacCollom*, 426 U.S. 317, 325-26 (1976)).  Nonetheless, the decision to provide copies under § 2250 rests within the sound discretion of the court.  *Althouse v. Cockrell*, No. 3:01-CV-0779-R, 2004 WL 377049, at *2 (N.D.Tex. Feb. 13, 2004) (unpublished) (citing *Chessman v. Teets*, 239 F.2d 205, 214 (9th Cir. 1956)).   In determining whether to grant a request for transcripts, district courts generally look to whether Petitioner has established the need and relevance for such copies.  *See, e.g., Althouse*, 2004 WL 377049, at *2 ("Before courts exercise the discretion vested in them by § 2250, the petitioner must make a showing of both 'need and relevance.'") (citing *Harvey v. Clay County Sheriff's Dep't.*, 473 F.Supp. 741, 744 (W.D.Mo. 1979)); *see also Wiggins v. United States*, No. CIVA103CV735BRR, 2005 WL 1362234, at *2 (S.D.Miss. June 3, 2005) (unpublished) ("Because the defendant has offered no proof of indigency, need or relevance, her request shall be denied."); *United States v. Marzon*, 2005 WL 1155773, at *1 (E.D.La. May 5, 2005) (unpublished) ("To obtain documents under 2250, [petitioner] would have to explain why he needs the requested documents and why they are relevant.").

Here, Petitioner has not requested leave to proceed *in forma pauperis* or otherwise offered proof of his indigency for the purposes of his transcript request.  Moreover, Petitioner's claims are precluded by the waiver of his right to appeal and collaterally attack his sentence. Petitioner has failed to demonstrate the need or relevance for his requested transcripts.  Indeed, as noted by the Fifth Circuit, "[a] federal prisoner is not entitled to obtain copies of the court records at Government expense for the purpose of searching the record for possible error."

*Walker*, 424 F.2d at 279 (citing *Harless*, 329 F.2d at 397).  Accordingly, Petitioner's request for transcripts and documents is **DENIED**.

**IV.      CONCLUSION**

For the reasons stated herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.  Should Petitioner seek a certificate of appealability, such is **DENIED.**

IT IS SO ORDERED.

DONE this 18th day of June, 2009, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

14 / 14